**FIRST TRUST & SAVINGS BANK et al. v.
IOWA–WISCONSIN BRIDGE CO.
(KENDRICK et al., Interveners).**

No. 220.

District Court, N. D. Iowa, E. D.
March 22, 1940.

F. A. Ontjes, of Mason City, Iowa, and W. C. Green, of St. Paul, Minn., for Iowa-Wisconsin Bridge Co.

Casper Schenk, of Des Moines, Iowa, James R. Morford and Josiah Marvel, Jr. (of Marvel & Morford), both of Wilmington, Del., and H. W. Norman (of Zimmerman & Norman), of Chicago, Ill., for Phoenix Finance Corporation.

SCOTT, District Judge.

This case arises upon a supplemental and ancillary complaint filed by the Iowa-Wisconsin Bridge Company against Phoenix Finance Corporation, to enjoin the prosecution of a multiplicity of harassing suits in the courts of the State of Delaware brought upon alleged causes of action already fully adjudicated by the decree of this court. The principle upon which the ancillary complaint was permitted was the right and judicial power of this court to protect the integrity and fruits of its own decree notwithstanding section 379, Title 28, of the United States Code, 28 U.S.C.A. § 379. For citation of cases, see Note 8 under said section, page 204 permanent volume, page 36, 1939 pocket part.

A detailed history of the matters litigated and adjudicated by the original final decree of this court will be found in the opinion of this court reported in 19 F.Supp. 127, under title Bechtel Trust Co. et al. v. Iowa-Wisconsin Bridge Co. et al., and the opinion of the Circuit Court of Appeals of the Eighth Circuit affirming the decree of this court and its subsequent ruling denying a

rehearing and a modification of the decree, found in 98 F.2d 416, under title First Trust & Savings Bank et al. v. Iowa-Wisconsin Bridge Co. et al., and the order of the Supreme Court of the United States denying the writ of certiorari found in 305 U.S. 650, 59 S.Ct. 243, 83 L.Ed. 420, under title Phoenix Finance Corp. v. Iowa-Wisconsin Bridge Co. et al.

When the original case was instituted Phoenix Finance Corporation was not a party, but later under the order of the court was brought in and joined as a party plaintiff. Some time after final decree Phoenix Finance Corporation, the present respondent, filed a petition for rehearing and alternatively for a modification of the decree. That petition was heard and submitted and denied. Thereafter the plaintiffs, including Phoenix Finance Corporation, perfected their appeal to the Circuit Court of Appeals for the Eighth Circuit. One of the grounds urged for rehearing by Phoenix Finance Corporation was that jurisdiction of this court had been ousted when it became a party plaintiff because such joinder had destroyed the diversity of citizenship. This court held that Phoenix Finance Corporation was a dispensable party plaintiff because its rights and interests were fully represented by the trustees and had been fully adjudicated by the final decree, and that so far as jurisdiction was concerned Phoenix Finance Corporation was a formal or nominal party only.

The court is now confronted by a contention upon the part of Phoenix that seems to this court amazingly inconsistent. The contention is that because this court and the Circuit Court of Appeals held Phoenix a dispensable party, therefore Phoenix was not bound by the final decree and may now litigate in other courts issues fully adjudicated by this court by the original judgment and rulings. The contention seems to entirely overlook the reason for holding Phoenix to be a dispensable party, viz., that its rights and interests were already fully represented on the record and had been fully adjudicated.

Counsel for the bridge company has submitted proposed findings of fact and conclusions of law, and the court having examined the same finds them to be fully sustained by the record, and the court adopts the proposed findings as well as the proposed conclusions of law and they are ordered filed in the case and made part of the record, and decree will be entered for the Iowa-Wisconsin Bridge Company on the supplemental complaint.